912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles OLIVER, Defendant-Appellant.
 No. 89-5055.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 18, 1990.
Decided Aug. 30, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Falcon B. Hawkins, District Judge. (CR-88-290)
 Parks N. Small, Federal Public Defender, Columbia, S.C., for appellant.
 E. Bart Daniel, United States Attorney, A. Peter Shahid, Jr., Assistant United States Attorney, Charleston, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Oliver appeals the sentence he received after he entered a plea of guilty to the charge of possession by a felon of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). Although Oliver's sentencing range under the applicable United States Sentencing Guidelines was four to ten months, the district court departed upward and imposed a sentence of thirty-seven months after determining that Oliver was "for all practical purposes a career offender" and that "the criminal history category in this case does not adequately represent the seriousness of the defendant's criminal record." In light of Oliver's criminal history, this departure was reasonable, and we therefore affirm.
 
 
 2
 * On December 2, 1987, Charleston, South Carolina, police officers arrested Oliver after reports led them to a parking lot where Oliver had been randomly firing a pistol. A search of Oliver's person uncovered a .38 caliber revolver, rounds of ammunition, and a switchblade. Oliver was charged with discharging a firearm, carrying a concealed weapon, and unlawful possession of a firearm. Moreover, at the time of the arrest, Oliver was on parole from a 1976 armed robbery conviction, having been released from custody less than five months previously. Oliver pled guilty to these charges in state court and received a six-month sentence, which he served concurrently with a six-month sentence for violation of parole. Upon release from state custody in September 1988, Oliver was taken into federal custody on the federal firearms charge, for which he had been indicted by a grand jury. Oliver pled guilty, and a sentencing hearing was held in March 1989.
 
 
 3
 The presentence report placed Oliver's adjusted offense level at 7: the result of a base offense level of 9, minus 2 points for acceptance of responsibility. Oliver's criminal history score was 6, and his criminal history category, therefore, III: the only countable conviction on his record was the 1976 armed robbery conviction, worth 3 points, but 2 points were added because he committed the instant offense while on parole, and 1 further point was added because he committed the instant offense within two years of release from custody. The applicable Guidelines range for offense level 7 and criminal history category III was determined to be four to ten months.
 
 
 4
 Nonetheless, the presentence report stated that Oliver was "for all practical purposes, a career offender" and that therefore "an upward departure from the guidelines may be warranted because the criminal history category does not adequately represent the seriousness of [Oliver's] criminal record." These conclusions were based on information about Oliver's other convictions and incidents of criminal conduct which, for various reasons, were not strictly countable under the Guidelines, but were included in the presentence report to "demonstrate ... Oliver's true criminality." Among these were a 1959 conviction for housebreaking and larceny; a 1963 conviction for escape; a 1963 petty larceny conviction; a 1964 conviction for attempted armed robbery and aggravated assault and battery; a 1964 conviction for disorderly conduct; a 1966 charge, disposition unknown, of housebreaking and grand larceny; 1966 and 1967 convictions for possession of a firearm and firing a pistol, and carrying a pistol unlawfully; a 1967 conviction for grand larceny auto; and a 1968 conviction for assault and battery with intent to kill. Information in the presentence report also revealed that at least two of these prior convictions involved violent conduct: the 1964 assault conviction grew out of an incident in which Oliver had dragged his victim across the ground, choked him, then held a knife to his throat while demanding money, and the 1968 assault conviction was based on Oliver's shooting another man in the back in a Charleston night club. The presentence report further disclosed that Oliver had exhibited "very poor" behavior while incarcerated for his 1976 armed robbery conviction; twenty-one disciplinary actions, ten of them classified as "major," were taken against him during that imprisonment.
 
 
 5
 After considering the presentence report and the written and oral objections to it offered by Oliver's counsel, the district court departed above the four to ten months Guidelines range and imposed a sentence of thirty-seven months. The court reasoned, in accord with the presentence report, that Oliver was a career offender for all practical purposes and that his criminal history category did not adequately represent his true criminal history.
 
 
 6
 Oliver now appeals this sentence.
 
 II
 
 7
 Oliver makes two distinct contentions in challenging his sentence: first, that the district court erred in sentencing him as a career offender, and, second, that the district court did not follow the Sentencing Guidelines in making its upward departure. We can dispense quickly with the first contention. The government concedes that Oliver could not have been sentenced as a career offender, but points out that Oliver was not in fact so sentenced. Though the district court stated that Oliver was "for all practical purposes" a career offender, it did not sentence him under the career offender Guideline, Sec. 4B1.1. Rather, the court expressly invoked its power to depart from the Guidelines based on a criminal history score that did not adequately represent the seriousness of the defendant's criminal history. See 18 U.S.C. Sec. 3553(b); Guideline Sec. 4A1.3. Therefore, the only issue to be resolved on appeal is the propriety of this upward departure.
 
 
 8
 * A brief review of the legal basis and context of the district court's departure ruling is necessary to understanding Oliver's challenge. A district court's basic statutory authority to impose a sentence departing from an applicable Guidelines range derives from 18 U.S.C. Sec. 3553(b), which provides in pertinent part:
 
 
 9
 The court shall impose a sentence of the kind, and within the range, [set forth in the Sentencing Guidelines] unless the court finds that there exists an aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission....
 
 
 10
 In the policy statements and commentary accompanying certain Guidelines, the Sentencing Commission expressly acknowledged that those particular Guidelines had not adequately taken into consideration all of the factors potentially relevant to their application. See, e.g., Guideline Sec. 2D1.1 application note 9 ("purity" of drugs "may warrant" upward departure in drug cases). Here, the district court invoked one such policy statement, Sec. 4A1.3, in which the Sentencing Commission acknowledged the inadequacy of its criminal history guidelines, Secs. 4A1.1 & 4A1.2, for measuring in every case the true significance of the defendant's criminal history:
 
 
 11
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
 
 
 12
 Section 4A1.3 discusses the propriety of both upward and downward departures, depending on whether the criminal history category either underrepresents or overrepresents significantly the seriousness of the defendant's criminal history or likelihood of recidivism. In this case, the district court found that a criminal history category of III was a significant underrepresentation of Oliver's true criminality, inasmuch as he more closely resembled a "career offender," and the court therefore departed upward to a sentence of thirty-seven months.
 
 B
 
 13
 Our review of this departure from the Guidelines is governed by the reasonableness standard of 18 U.S.C. Sec. 3742(e), which directs an appellate court to
 
 
 14
 determine whether the sentence--
 
 
 15
 (1) was imposed in violation of the law;
 
 
 16
 (2) was imposed as a result of an incorrect application of the sentencing guidelines;
 
 
 17
 (3) is outside of the applicable guideline range, and is unreasonable having regard for--
 
 
 18
 (A) the factors to be considered in imposing a sentence, as set forth in Chapter 227 of this title; and
 
 
 19
 (B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or
 
 
 20
 (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.
 
 
 21
 (Emphasis added.) We have noted that because Sec. 3742 has "effectively incorporated into the appellate review" the same statutory criteria for departure that the district court must use, we must undertake "a more carefully tailored scrutiny of the reasonableness of a departure decision than might be suggested by the bare statutory term 'unreasonable' standing alone." United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989). We have also recognized that reasonableness has no single, fixed meaning in this context, but rather imports a "sliding scale" of review, whose calibration depends on "the particular aspect of the departure decision being reviewed." Id. We have identified the possible aspects as (1) the correctness of the decision to depart itself; (2) the relevance to sentencing of the factor justifying departure; (3) the adequacy of the Sentencing Commission's consideration of the factor; and (4) the propriety of the extent of the departure. Id. Once having characterized the precise nature of the challenge on appeal, the appellate court must accept the district court's findings of fact unless they are clearly erroneous and give due deference to the district court's application of the Guidelines to the facts. See 18 U.S.C. Sec. 3742(e).
 
 C
 
 22
 As explained above, and as Oliver concedes, the Sentencing Commission has identified underrepresented criminal history as a relevant sentencing factor not adequately taken into consideration in the applicable Guidelines; Oliver does not therefore challenge this departure on either ground (2) or (3) identified in Daughtrey. We interpret his challenge as targeting aspects (1) and (4) of the departure: the decision to depart and the propriety of the extent of the departure. As we elaborate below, both of those aspects of the departure rested on the factfinding that Oliver was "for all practical purposes, a career offender," which we must judge under the clearly erroneous standard.
 
 
 23
 (1)
 
 
 24
 Applying these principles, it was reasonable for the district court to determine on these facts that Oliver's criminal history category, as calculated under the Guidelines, did not adequately represent his criminality. Except for a brief period in the late 1960's and early 1970's when he moved to New York, Oliver's criminal history shows that he has spent the last thirty years in an uninterrupted course of criminal behavior, often involving violence against persons and property. Even while in prison, he persisted in a pattern of lawlessness through repeated and serious disciplinary infractions. The fact that Oliver's criminal history category was only III is due almost entirely to the fact that he was incarcerated for over eleven years on an armed robbery conviction, and then was detained on these charges very soon thereafter. Because convictions over fifteen years old are generally not counted under the Guidelines, see Sec. 4A1.2(e), this long period of incarceration effectively precluded formal counting of some significant previous convictions. The district court's essentially factual determination that Oliver was "for all practical purposes, a career offender" was therefore not clearly erroneous. In light of that predicate factfinding, it was not unreasonable for the district court to conclude that the comparatively moderate criminal history category of III significantly underrepresented Oliver's criminal history and likelihood of recidivism.
 
 
 25
 (2)
 
 
 26
 Nor do we think that the extent of the departure here was unreasonable. Neither the presentence report nor the transcript of the sentencing hearing discloses precisely how the district court settled on a sentence of thirty-seven months. The court did, however, state that its reason for departing was that Oliver was "for all practical purposes, a career offender." See 18 U.S.C. Sec. 3553(c) (when departing, a sentencing court "shall state in open court ... the specific reason for the imposition of a sentence different from that described."). Because our task in reviewing the extent of this departure is to assess its reasonableness in light of the factual determination that Oliver was practically--though not technically--a career offender, it is appropriate to ask whether a court, reasoning from principles and rules in the Sentencing Guidelines, could have chosen a thirty-seven month departure on these facts. Here, it appears probable, as the government suggests, that the district court acted on its finding that Oliver was practically a career offender by using one feature of the career offender provisions as a reference for the departure. Specifically, it appears that the court may have used as a guide the career offender offense level for this offense--17--but also, in compromise, held the criminal history category constant at III, i.e., not increased the criminal history category to VI, as would have been required had the court actually been applying the career offender provision. Such a calculation would have yielded a sentencing range of thirty to thirty-seven months, by reference to which the district court could well have chosen the thirty-seven month sentence.
 
 
 27
 The policy statement of Guideline Sec. 4A1.3 supports our sense that this would have been a reasonable approach to deciding the extent of the departure; that section indicates that a district court may want to use as a reference in departure decisions the criminal history category that would have resulted from inclusion of uncounted criminal conduct about which there is "reliable evidence." Here, it appears the district court did not fashion its departure by increasing the criminal history category, but did so instead by the closely analogous method of increasing the offense level using the career offender provisions in Sec. 4B1.1 as a guide. Of course, our analysis of one possible thought process the court might have used is relevant only insofar as it demonstrates that the extent of this departure was within the scope of the district court's reasonable options. Whether or not the district court actually reasoned to this departure as described above, it is sufficient to observe that the court could reasonably have done so after finding that Oliver was practically a career offender.
 
 III
 
 28
 For the foregoing reasons, the sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 29
 AFFIRMED*.
 
 
 
 *
 Our decision of this appeal moots Oliver's pending motion for release pending appeal